**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

RICHARD SHORTELL,

                              Petitioner,

            - v -                                          9:20-CV-0062
                                                             (GLS/DJS)

SUSAN KICKBUSH, *Superintendent*,

                              Respondent.

**APPEARANCES:**                          **OF COUNSEL:**

RICHARD SHORTELL
Petitioner *Pro Se*
18-A-0370
Groveland Correctional Facility
7000 Sonyea Road
Sonyea, New York 14556

HON. LETITIA JAMES                     JAMES F. GIBBONS, ESQ.
Attorney General for the State of New York    DENNIS A. RAMBAUD, ESQ.
Attorney for Respondent                Assistant Attorneys General
28 Liberty Street
New York, New York 10005

**DANIEL J. STEWART**
**United States Magistrate Judge**

## <u>REPORT-RECOMMENDATION and ORDER</u>[1]

  *Pro se* Petitioner Richard Shortell was convicted upon jury verdict of grand

larceny in the third degree, criminal possession of stolen property in the third degree,

aggravated driving while intoxicated, driving while intoxicated, refusing to submit to

---

[1] This matter was referred to the undersigned for a report-recommendation pursuant to 28 U.S.C. § 636(b) and
N.D.N.Y.L.R. 72.3(c).

breath screening, a registration plate display violation, operating an uninspected motor vehicle, and operating an unregistered motor vehicle.  State Court Record ("SR.") at pp. 638-41;[2] Dkt. No. 1, Petition ("Pet.") at p. 10.[3]  He was sentenced to an aggregate, indeterminate term of imprisonment of three to six years.  SR. at pp. 117-22.  Petitioner presently seeks a Writ of *Habeas Corpus* pursuant to 28 U.S.C. § 2254 on the ground that the Prosecution failed to prove that he intended to deprive another person of their property.  Pet. at p. 6.  Respondent has filed a Memorandum of Law in Opposition to the Petition.  Dkt. No. 8.  Petitioner submitted a Traverse.  Dkt. No. 20.[4]  For the reasons that follow, this Court recommends that the Petition be **denied.**

## I. BACKGROUND

On June 3, 2017, Petitioner, while intoxicated, went to his former place of employment, Wax On Wax Off Professional Detailing, and stole a black Dodge Ram truck owned by the Huttig Nissan dealership.  SR. at pp. 430, 434-35, & 439.  The truck was under the care of Michael Lilledahl, owner of Wax On Wax Off and Petitioner's former boss.  SR. at pp. 430, 436, & 439.  Lilledahl had a business relationship with Huttig Nissan wherein he detailed their used cars for sale.  SR. at pp. 431-32.  Petitioner drove the truck from the business and subsequently ended up in a ditch where he was discovered by Kayla and Shane VanWeort, who alerted the State Police.  SR. at pp. 332 & 338.

[2] Citation to the state court record is in the form "SR." followed by the page numbering assigned by the Court's CM/ECF system.

[3] Citations to the Petition are to the page numbers assigned by the Court's CM/ECF system.

[4] Citations to the Traverse are to the page numbers assigned by the Court's CM/ECF system.

Trooper Kowalski arrived on the scene and spoke with the witnesses and Petitioner.  SR. at pp. 364-65.  Petitioner admitted to being intoxicated and to stealing the truck from his boss.  SR. at p. 365.  At trial, Trooper Kowalski testified that Petitioner informed him that "he was drinking vodka and that he took his boss's truck without permission."  SR. at p. 365.  Kowalski also testified that when attempting to perform additional sobriety tests, Petitioner refused and stated: "Just arrest me.  You got me.  I'm drunk."  SR. at p. 372.

Petitioner was indicted in Clinton County Court on August 3, 2017 for grand larceny in the third degree, criminal possession of stolen property in the third degree, and various other misdemeanor crimes and traffic infractions.  SR. at pp. 67-72.  Petitioner pled not guilty to all charges.  Pet. at p. 1.  After trial, the Jury returned a guilty verdict, convicting Petitioner of, as relevant here, grand larceny in the third degree and criminal possession of stolen property in the third degree.[5]  He was sentenced to an aggregate, indeterminate term of imprisonment of three to six years.  SR. at pp. 117-22.  Petitioner was fined a total of $1,425 for his misdemeanors and traffic violations, and was required to pay restitution to Huttig Nissan in the amount of $1,789.63.  SR. at pp. 117-22.

Petitioner appealed to the New York Appellate Division, Third Department.  Pet. at p. 2.  On June 13, 2019, the Appellate Division affirmed the judgment of the County Court, finding that the Jury could rationally find that Petitioner had the requisite intent to commit the crimes, and that his claim of ineffective assistance of counsel was "more appropriately suited for a motion under CPL article 440."  *People v. Shortell*, 173 A.D.3d

---

[5] Petitioner's other charges and convictions include aggravated driving while intoxicated, driving while intoxicated, refusing to submit to breath screening, a registration plate display violation, operating an uninspected motor vehicle, and operating an unregistered motor vehicle.  SR. at pp. 638-41.

1364, 1366 (3d Dep't 2019).  On August 26, 2019, the New York Court of Appeals issued

an order denying Petitioner leave to appeal.  *People v. Shortell*, 34 N.Y.3d 937 (2019).

## II.  STANDARD OF REVIEW

Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"),

Petitioner bears the burden of proving by a preponderance of the evidence that he is "in

custody in violation of the Constitution or laws or treaties of the United States."  28 U.S.C.

§ 2254(a); *Jones v. Vacco*, 126 F.3d 408, 415 (2d Cir. 1997); *Rivera v. New York*, 2003

WL 22234697, at *3 (S.D.N.Y. Aug. 28, 2003).  A federal court may not grant *habeas*

relief to a state prisoner on a claim unless the state court adjudicated the merits of the

claim and such adjudication either:

> 1) resulted in a decision that was contrary to, or involved an unreasonable
> application of, clearly established Federal law, as determined by the
> Supreme Court of the United States; or
> 2) resulted in a decision that was based on an unreasonable determination
> of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d); *see also Hawkins v. Costello*, 460 F.3d 238, 242 (2d Cir. 2006).

The Second Circuit has summarized the application of the standard of review

under AEDPA as follows:

> [u]nder AEDPA, we ask three questions to determine whether a federal
> court may grant habeas relief:  1) Was the principle of Supreme Court case
> law relied upon in the habeas petition "clearly established" when the state
> court ruled?  2) If so, was the state court's decision "contrary to" that
> established Supreme Court precedent?  3) If not, did the state court's
> decision constitute an "unreasonable application" of that principle?

*Williams v. Artuz*, 237 F.3d 147, 152 (2d Cir. 2001) (citing *Williams v. Taylor*, 529 U.S.

4

362 (2000) and *Francis S. v. Stone*, 221 F.3d 100, 108-09 (2d Cir. 2000)).  The standard of review under § 2254(d) is "highly deferential" and "demands that state-court decisions be given the benefit of the doubt." *Renico v. Lett*, 559 U.S. 766, 773 (2010).  "[A] state prisoner must show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Harrington v. Richter*, 562 U.S. 86, 103 (2011).

The phrase "clearly established Federal law" refers to "the holdings, as opposed to the dicta, of th[e] Court's decisions as of the time of the relevant state-court decision." *Williams v. Taylor*, 529 U.S. 362, 412 (2000).  A state court decision is "contrary to" established Supreme Court precedent "if the state court arrives at a conclusion opposite to that reached by th[e] Court on a question of law or if the state court decides a case differently than th[e] Court has on a set of materially indistinguishable facts." *Id.* at 413. A state court decision is an "unreasonable application" of established Supreme Court precedent "if the state court identifies the correct governing legal principle from th[e] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." *Id.*  AEDPA also requires that "a determination of a factual issue made by a State court shall be presumed to be correct [and t]he applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence."   28 U.S.C. § 2254(e)(1); *see also DeBerry v. Portuondo*, 403 F.3d 57, 66 (2d Cir. 2005); *Boyette v. LeFevre*, 246 F.3d 76, 88 (2d Cir. 2001).

## III. DISCUSSION

Petitioner claims that there was insufficient evidence provided at trial to prove that he formed the requisite intent to deprive another person of their property.  Pet. at p. 6.[6]

### A.  New York's Standard for Intent

"When considering the sufficiency of the evidence of a state conviction, '[a] federal court must look to state law to determine the elements of the crime.'" *Ponnapula v. Spitzer*, 297 F.3d 172, 179 (2d Cir. 2002) (quoting *Quartararo v. Hanslmaier*, 186 F.3d 91, 97 (2d Cir. 1999)).  Here, both state laws in question require specific intent.  A conviction for third degree larceny requires that the person charged have the "intent to deprive another of property… [and] includes a wrongful taking, obtaining or withholding of another's property, with [the requisite] intent."  N.Y. Penal Law § 155.05 (McKinney 2021).  A conviction for third degree criminal possession of stolen property requires that the person charged "knowingly possesses stolen property, with intent to benefit himself or a person other than an owner thereof or to impede the recovery by an owner thereof."  N.Y. Penal Law § 165.50 (McKinney 2021).  In New York, "[a] person acts intentionally with respect to a result or to conduct described by a statute defining an offense when his conscious objective is to cause such result or to engage in such conduct." N.Y. Penal Law

---

[6] Petitioner also claims here that the evidence leading to his conviction was obtained pursuant to an unlawful arrest. Pet. at p. 6.  However, unlawful arrest claims are not cognizable in habeas corpus proceedings in Federal Court. *U.S. ex. rel. Gilliard v. LaVallee*, 376 F.Supp. 205, 208 (S.D.N.Y. 1974) (citing *Hachey v. Maine*, 453 F.2d 369 (1st Cir. 1972)).  Such claims are not cognizable because "once it is established that a petitioner has had an opportunity to litigate his or her Fourth Amendment claim (whether or not he or she took advantage of the state[']s procedure) . . . the claim will never present a valid basis for federal habeas relief."  *Ortiz v. Barkley*, 558 F.Supp.2d 444, 457-58 (S.D.N.Y. 2008) (citing *Graham v. Costello*, 299 F.3d 129, 134 (2d Cir. 2002)).  Furthermore, even if the claim was cognizable, it would remain without merit. Petitioner fails to identify or explain what about his arrest was unlawful, and there is no evidence to suggest that there was an unlawful arrest.

6

§ 15.05 (McKinney 2021). Furthermore, "[l]arcenous intent is rarely susceptible of proof by direct evidence, and must usually be inferred from the circumstances surrounding the defendant's actions." *People v. Shortell*, 173 A.D.3d at 1365 (quoting *People v. Phoenix*, 115 A.D.3d 1058, 1060 (3d Dep't 2014)). Petitioner alleges that the Prosecution failed to prove such intent in its case-in-chief. Pet. at p. 6. Petitioner specifically alleges that the Prosecution failed to prove that he intended to deprive the owner of his property. Pet. at p. 6.

> To "deprive" another of property means (a) to withhold it or cause it to be withheld from him permanently or for so extended a period or under such circumstances that the major portion of its economic value or benefit is lost to him, or (b) to dispose of the property in such manner or under such circumstances as to render it unlikely that an owner will recover such property.

N.Y. Penal Law § 155.00(3) (McKinney 2021). Furthermore, "[w]hen property is taken, obtained or withheld by one person from another person, an 'owner' thereof means any person who has a right to possession thereof superior to that of the taker, obtainer or withholder." N.Y. Penal Law § 155.00(5) (McKinney 2021).

### B. Sufficiency of the Evidence Standard

In seeking habeas relief based on alleged insufficiency of the evidence, the petitioner bears a "*very heavy burden*." *Torres v. O'Meara*, 353 F.Supp.3d 180, 188 (N.D.N.Y. 2019) (emphasis added) (quoting *Fama v. Comm'r of Corr. Servs.*, 235 F.3d 804, 811 (2d Cir. 2000)). Accordingly, "[t]he findings of the state court are presumptively correct and entitled to a high degree of deference, as that court was in the best position to view the credibility of the witnesses and all of the facts as they were

adduced." *Smithwick v. Walker*, 758 F.Supp. 178, 184 (S.D.N.Y. 1991).  The standard of review for a legal sufficiency claim is "whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 319 (1979) (emphasis in original).  Therefore, a habeas court may only overturn a conviction if, based upon the evidence presented at trial, "*no* rational trier of fact could have found that the prosecution established the defendant's guilt beyond a reasonable doubt." *See id*. (emphasis in original).  Concurrently, "[i]n a federal habeas corpus review, the court is not to determine whether it believes that the evidence at trial established guilt beyond a reasonable doubt, but rather whether the trier of fact could rationally have found the essential elements of the crime beyond a reasonable doubt." *Clark v. Irvin*, 844 F.Supp. 899, 904 (N.D.N.Y. 1994) (citing *Jackson v. Virginia*, 443 U.S. at 318-19).  Thus, as intent is an essential element for third degree larceny and criminal possession of stolen property, the question here is whether any rational trier of fact could have determined that the element of intent was established beyond a reasonable doubt.

### C. The Evidence Presented Was Sufficient to Sustain a Guilty Verdict

Petitioner claims that the evidence presented was insufficient to establish intent and thus to sustain a guilty verdict due to inconsistencies between statements provided to police on the night of the incident and the testimony at trial.  Traverse at pp. 1-2.

Petitioner's argument is without merit.  A rational juror could determine that Petitioner intended to steal the truck and deprive the owner of his property.  This was

demonstrated throughout the course of the trial in several ways.  First, Petitioner's former boss, Mr. Lilledahl – who was legally in possession of the truck the night it was stolen – testified that the weekend prior to this incident, he had fired Petitioner from his detailing business, and that he "wasn't too nice" when he did so.  SR. at p. 438.  Petitioner had also been renting an office at Mr. Lilledahl's business as his living space, and upon his termination, Mr. Lilledahl testified that he told Petitioner "get the F out, don't come back."  SR. at pp. 456-57.

Furthermore, witnesses present after Petitioner crashed the truck on June 3, 2017 provided statements made by Petitioner that demonstrate intent.  Witness Kayla VanWeort informed Trooper Kowalski on the night of the incident that Petitioner told her "that he wanted to continue driving and he didn't care what happened."  Traverse at p. 6.  Her husband, Shane VanWeort gave a statement to the police that "Richard stated the truck belonged to his boss and his boss doesn't know that Richard took the truck.  Richard stated to me that he was taking the truck for a joy ride."  *Id*.  In addition, Trooper Kowalski, who responded to the incident, reported that Petitioner "stated he did not have permission to take the truck and his boss was going to be mad at him," and that he was taking the truck for a joy ride to see his girlfriend.  *Id*. at p. 9; *see also* SR. at p. 365.  At trial, Mrs. VanWeort also testified that Petitioner told her that he stole the truck from his employer.  SR. at pp. 335-36.

Petitioner argues that his true intention was to take the truck to deliver groceries to his girlfriend and then return it to Mr. Lilledahl's shop.  Traverse at p. 1.  This claim is unavailing for two reasons.  First, because it raises issues of witness credibility, *see*

Traverse at pp. 1-2, which go to weight, not sufficiency, of the evidence.  *See Douglass v. Portuondo*, 232 F.Supp.2d 106, 115 (S.D.N.Y. 2002) ("The determination of how much weight to accord eyewitness testimony given that witness' opportunity to observe the events at issue and in light of any circumstantial evidence that corroborates or refutes such testimony is a matter of credibility."); *see also Garrett v. Perlman*, 438 F.Supp.2d 467, 470-71 (S.D.N.Y. 2006) ("[A] habeas court must defer to the assessments of the weight of the evidence and credibility of the witnesses that were made by the jury," therefore, where Petitioner only raises issues of credibility there is no basis for habeas relief) (quoting *Frazier v. New York*, 187 F.Supp.2d 102, 109-10 (S.D.N.Y. 2002)). Weight of the evidence claims are rooted in state law and therefore not cognizable in federal court.  *See Kimbrough v. Bradt*, 949 F.Supp.2d 341, 362 (N.D.N.Y. 2013); *Torres v. O'Meara*, 353 F.Supp.3d 180, 187-88 (N.D.N.Y. 2019).

In the same vein, the Jury heard evidence regarding Petitioner's voluntary intoxication on the night that he took the truck.  SR. at pp. 365, 368, 371-72, & 422. However, any claim by Petitioner that his intoxication negated intent is also an issue of weight and therefore not cognizable in federal court.  *See King v. Griffin*, 2018 WL 1940419, *8 (N.D.N.Y. Apr. 23, 2018); *Dansey v. New York*, 2017 WL 253488, at *4 (S.D.N.Y. Jan. 19, 2017).

Second, even assuming that the claim is cognizable, it is without merit.  Petitioner bases his argument on what he believes are contradictions between statements provided to the police and subsequent trial testimony.  "However, under the *Jackson* standard for reviewing evidentiary sufficiency, 'the assessment of the credibility of witnesses is

10

generally beyond the scope of review.'" *Nevins v. Giambruno*, 596 F. Supp. 2d 728, 742 (W.D.N.Y. 2009) (quoting *Schlup v. Delo*, 513 U.S. 298, 330 (1995)). That is because "credibility determinations are the province of the jury." *Singleton v. Conway*, 2011 WL 5187958, at *5 (W.D.N.Y. Nov. 1, 2011). The Jury had the task of weighing the evidence to determine which of the Petitioner's statements were truthful and thus demonstrated his actual intent for taking the truck. *See U.S. v. Morrison*, 153 F.3d 34, 49 (2d Cir. 1998) (holding that where there are "competing inferences" that may be drawn from the evidence, the reviewing court defers to the determination drawn by the finder of fact). Great deference is given to the Jury's determination of the credibility of witnesses and evidence; for this reason, it is neither within the reviewing Court's power nor desire to overrule the finding of the Jury, so long as it remains in the interest of justice. *See e.g.*, *Kimbrough v. Bradt*, 949 F.Supp.2d at 362 ("A reviewing court may neither disturb the jury's findings with respect to the witnesses' credibility . . . nor make its own assessments of the weight of the evidence.") (internal quotations omitted); *Clark v. Irvin*, 844 F.Supp. at 904 ("[I]ssues of witness credibility are reserved for the jury and may not be redetermined by the court in a habeas corpus proceeding.") (citing *Marshall v. Lonberger*, 459 U.S. 422, 103 (1983)); *United States v. Strauss*, 999 F.2d 692, 696 (2d Cir. 1993) ("[T]he jury is exclusively responsible for determining a witness' credibility.").

Here, the evidence was weighed by the Jury, which in turn rendered a guilty verdict. The guilty verdict demonstrates that the Jury deemed the testimony of the Prosecution's witnesses credible, and that in viewing the totality of the evidence, they determined that Petitioner intended to deprive the owner of his property. A rational trier

of fact could find the essential elements of the crimes charged, including the element of intent, beyond a reasonable doubt. *See Jackson v. Virginia*, 443 U.S. at 319. Thus, this Court must defer to the trier of fact's determinations. The evidence presented at trial was sufficient to support the verdict rendered.

Therefore, the Court recommends that the Petition be dismissed.

## IV. CONCLUSION

For the reasons stated herein, it is hereby

**RECOMMENDED**, that the Petition (Dkt. No. 1) be **DENIED** and **DISMISSED**; and it is further

**RECOMMENDED**, that no Certificate of Appealability ("COA") be issued because Petitioner has failed to make "a substantial showing of the denial of a constitutional right" as required by 28 U.S.C. § 2253(c)(2);[7] and it is further

**ORDERED**, that the Clerk of the Court serve a copy of this Report-Recommendation and Order upon the parties to this action.

Pursuant to 28 U.S.C. § 636(b)(1), the parties have fourteen (14) days[8] within which to file written objections to the foregoing report. Such objections shall be filed

---

[7] *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *see also Richardson v. Greene*, 497 F.3d 212, 217 (2d Cir. 2007) (holding that, if the court denies a habeas petition on procedural grounds, "the certificate of appealability must show that jurists of reason would find debatable two issues: (1) that the district court was correct in its procedural ruling, *and* (2) that the applicant has established a valid constitutional violation").

[8] If you are proceeding *pro se* and are served with this Report-Recommendation and Order by mail, three additional days will be added to the fourteen-day period, meaning that you have seventeen days from the date the Report-Recommendation and Order was mailed to you to serve and file objections. FED. R. CIV. P. 6(d). If the last day of that prescribed period falls on a Saturday, Sunday, or legal holiday, then the deadline is extended until the end of the next day that is not a Saturday, Sunday, or legal holiday. FED. R. CIV. P. 6(a)(1)(C).

with the Clerk of the Court. **FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN (14) DAYS WILL PRECLUDE APPELLATE REVIEW.** *Roldan v. Racette*, 984 F.2d 85, 89 (2d Cir. 1993) (citing *Small v. Sec'y of Health and Human Servs.*, 892 F.2d 15 (2d Cir. 1989)); *see also* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72 & 6(a).

Date:  August 5, 2021
       Albany, New York

Daniel J. Stewart
U.S. Magistrate Judge