# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF NEW YORK

_____

**RICHARD B. SHORTELL,**

                   **Petitioner,**

                   **v.**

**SUSAN KICKBUSH,**

                   **Respondent.**

**9:20-cv-62
(GLS/DJS)**

_____

**APPEARANCES:**                **OF COUNSEL:**

**FOR THE PETITIONER:**
RICHARD SHORTELL
*Pro Se*
18-A-0370
Groveland Correctional Facility
7000 Sonyea Road
Sonyea, NY 14556

**FOR THE RESPONDENT:**
HON. LETITIA JAMES           JAMES FOSTER GIBBONS
New York Attorney General      Assistant Attorney General
28 Liberty Street
New York, NY 10005

**Gary L. Sharpe
Senior District Judge**

## DECISION AND ORDER

    The court cannot locate *pro se* petitioner Richard B. Shortell.

Accordingly, it considers *sua sponte* petitioner's noncompliance with this

District's Local Rules by failing to notify the court of his current address and by not prosecuting his action.

On December 11, 2019, petitioner filed a petition for writ of habeas corpus in the Western District of New York. (Dkt. No. 1.) On January 16, 2020, the case was transferred to the Northern District of New York. (Dkt. No. 4.) On January 24, 2020, Magistrate Judge Daniel J. Stewart issued an order directing respondent to respond to the petition. (Dkt. No. 6.) Within that order, petitioner was warned that he was required to promptly notify the Clerk's Office and all parties or their counsel, in writing, of any change in his address; his failure to do so will result in dismissal of his action. (*Id.*) This District has expended considerable effort in order to familiarize pro se litigants with the Local Rules of Practice by reminding them of their obligations in various documents and orders mailed to them, and by preparing a Pro Se Handbook that is easily accessible on the court's website. In fact, copies of the Handbook have been provided to all prison libraries in the Northern District.

In relevant part, Local Rule 10.1(c)(2) provides:

> **[P]ro se litigants must immediately notify the Court of any change of address.** Parties must file the notice of change of address with the Clerk and

>serve the same on all other parties to the action.  The notice must identify each and every action to which the notice shall apply.

In turn, Local Rule 41.2(b) provides that the "[f]ailure to notify the Court of a change of address in accordance with L.R. 10.1(c)(2) may result in the dismissal of any pending action."

In fact, while this litigation has been pending, petitioner has acknowledged this obligation by filing or advising a change of address on one prior occasion.  (Dkt. No. 22.)

Local Rule 41.2(b) mirrors Rule 41(b) of the Federal Rules of Civil Procedure, which affords the court discretionary authority to dismiss an action because of the failure to prosecute or to comply with any order of the court.  *See Link v. Wabash R.R. Co.*, 370 U.S. 626, 633 (1962); *see also Lyell Theater Corp. v. Loews Corp.*, 682 F.2d 37, 43 (2d Cir. 1982).

On August 5, 2021, Judge Stewart issued a Report-Recommendation and Order.  (Dkt. No. 23.)  Petitioner's copy was mailed to his last known address, but was marked return to sender, no mail receptacle, unable to forward. (Dkt. No. 24.)  The court utilized New York State Department of Corrections and Community Supervision Inmate Lookup website to determine that petitioner was released from custody on

3

June 13, 2021.

For the orderly disposition of cases, it is essential that litigants honor their continuing obligation to keep the court informed of address changes. *See Michaud v. Williams*, No. 98CV1141LEKGLS, 1999 WL 33504430, at *1 (N.D.N.Y. Nov. 5, 1999) (citing *Fenza v. Conklin*, 177 F.R.D. 126 (N.D.N.Y. 1998)).

> It is neither feasible nor legally required that the clerks of the district courts undertake independently to maintain current addresses on all parties to pending actions. It is incumbent upon litigants to inform the clerk of address changes, for it is manifest that communications between the clerk and the parties or their counsel will be conducted principally by mail. In addition to keeping the clerk informed of any change of address, parties are obliged to make timely status inquiries. Address changes normally would be reflected by those inquiries if made in writing.

*Dansby v. Albany Cty. Corr. Facility Staff*, No. 95-CV-1525, 1996 WL 172699 (N.D.N.Y. Apr. 10, 1996) (quoting *Perkins v. King*, No. 84-3310, slip op. at 4 (5th Cir. May 19, 1985)).

As a matter of course, courts in this District have dismissed actions when litigants have failed to abide by either the Local Rules or orders related to address changes, and have subsequently failed to prosecute their actions. *See Williams v. Faulkner*, No. 95-CV-741, 1998 WL 278288,

4

at *1 (N.D.N.Y. May 20, 1998); *Fenza*, 177 F.R.D. at 126; *Dansby*, 1996 WL 172699.

Although the court concludes that it would be an appropriate exercise of discretion to dismiss petitioner's action at this juncture for failure to notify the court of his address change or to prosecute his action, it nonetheless affords petitioner additional time, until September 14, 2021, to comply with this Order.

Accordingly, it is hereby

**ORDERED** that petitioner is granted until September 14, 2021 to submit his current address to the court, or verify that his mailing address is as listed in the caption of this order and file any objections to Judge Stewart's Report-Recommendation and Order, (Dkt. No. 23), and it is further

**ORDERED** that, if petitioner fails to comply, the court will *sua sponte* dismiss this action for failure to notify the court of his address change, for failure to prosecute, and failure to comply with this Order; and it is further

**ORDERED** that the Clerk serve this Decision and Order on the petitioner at his last know address and on all other parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

August 30, 2021
Albany, New York

Gary L. Sharpe
U.S. District Judge